JONES-ONSLOW LAND COMPANY v. J. S. AND D. F. WOOTEN.

(Filed 28 March, 1919.)

1. **Judgments—Default—Irregular Judgments.**

   A judgment by default final taken in a suit to remove a cloud upon the title to the plaintiff's lands after summons has been duly issued and served, complaint filed without answer, etc., after several terms of the court have elapsed at which the cause was triable, is not irregularly entered or contrary to the course and practice of the courts.

2. **Appeal and Error—Judgments Set Aside—Findings—Excusable Neglect —Meritorious Defense.**

   In setting aside a final judgment for excusable neglect it must be properly made to appear on appeal that the negligence was excusable, and also that .the defendant had a meritorious defense, with findings by the trial judge on both of these matters; and while his findings of fact are conclusive when supported by evidence, the questions of whether they or each of them are sufficient to constitute the required grounds are matters of law and reviewable on appeal.

3. **Judgments Set Aside—Attorney and Client—Laches—Duty of Client.**

   A defendant is not relieved of laches for failing to file his answer, or to see that the action is properly looked after, merely because he has employed an attorney for that purpose; and where the action has been duly commenced and complaint filed it is not excusable neglect sufficient to set aside a judgment by default final for want of an answer for him to show that he had employed an attorney to defend him, who was drafted into the army two months after the answer should have been filed and two terms of court had since passed before the judgment complained of had been entered.

4. **Judgments Set Aside—Meritorious Defense—Evidence.**

   The defense is not sufficiently meritorious to set aside a judgment final for want of an answer in a suit to remove a cloud upon the title to the plaintiff's land when it appears that both parties claim under grants and mesne conveyances from the State; that the plaintiff's grant was prior to defendant, and that he had also acquired the title of the defendant's grantor prior to the execution and registration of his deed.

5. **State's Land—Grants—Junior Grants—Possession—Color of Title—Statutes.**

LAND CO. *v.* WOOTEN.

Possession of State's land under a junior grant made since 1893 confers no rights upon the grantee or grantees therein, nor does such junior grant constitute color of title. Revisal, sec. 1699.

APPEAL by plaintiff from *Allen, J.,* at December Term, 1918, of ·ONSLOW.

This is an appeal from an order setting aside a prior judgment by ·default final obtained by the plaintiff. The facts are found in detail by the judge.

*T. D. Warren and A. D. Ward for plaintiff.*
*Cowper, Whitaker & Hamme for defendants.*

CLARK, C. J. This was a motion by J. S. Wooten, one of the defend-:ants, to set aside a judgment by default final rendered at October Term, 1918, on the allegation that the judgment was irregular, and also on the ·ground of excusable neglect. There was no irregularity in taking the judgment, and upon the facts found the neglect of the defendant was not excusable.

This action was begun by the plaintiff alleging that it was in·posses-·sion and asking to set aside the claim of the defendant as a cloud upon ·title. The summons issued in June, 1913, returnable to Onslow. The ·complaint, duly verified, was filed at April Term, 1918. There was no ·answer filed at that term and the July Term of the court was not held. At October Term, 1918, no answer having been filed, the plaintiff took judgment by default final. The judge finds that the defendant origi-nally employed T. C. Wooten counsel, residing at Kinston, to defend him; that subsequently he dispensed with the services of said counsel, ·though it does not appear when, and employed J. Frank Wooten counsel, resident in Jacksonville, to attend to the case; that on 15 August, 1918, ·said J. Frank Wooten entered the army, but he had not entered an ap-pearance in the action and had filed no answer. It does not appear that the defendant had paid any attention to the cause at all, though the ·complaint had been on file six months and his counsel two months pre-·viously had left the county to enter the army, which must have been a ·matter well known to him. This was not such conduct as a man of ordi-nary prudence would have given to his important business matters.

In *Roberts v. Allman,* 106 N. C., 391, it is held: "It is not enough ·that parties to a suit should engage counsel and leave it entirely in his ·charge. They should, in addition to this, give it that amount of atten-·tion which a man or ordinary prudence usually gives to his important ·business." This case cites many others to same effect and has itself been ·cited often since. See Anno. Ed. Besides, it is not necessary to discuss ·the point for there is no finding by the judge that the defendant has a

meritorious defense nor would the facts found have sustained such finding.

Unless the judge finds that there was excusable neglect, and this finding is correct as a matter of law, he is not authorized to set aside the judgment. The facts found by him are conclusive if there is any evidence on which to base such finding of fact. Whether the facts found constitute excusable neglect or not is a matter of law and reviewable upon appeal.

·But even when the facts found justify a conclusion that the neglect was excusable, the court cannot set aside the judgment unless there is a meritorious defense. *Norton v. McLaurin,* 125 N. C., 185, where the subject is fully discussed with full citation of authorities. See, also, cases cited thereto in the Anno. Ed. In the recent case of *Glisson v. Glisson,* 153 N. C., 188, *Brown, J.,* says: "Unless the Court can now see reasonably that defendants had a good defense, or that they could make a good defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside? *Jeffries v. Aaron,* 120 N. C., 169; *Cherry v. Canal Co.,* 140 N. C., 423." This is cited with approval by *Walker, J., Harris v. Bennett,* 160 N. C., 347.

In the still more recent case of *Lumber Co. v. Cottingham,* 173 N. C., 323, *Walker, J.,* after citing and approving the analysis set out in *Norton v. McLaurin, supra,* says: "It would be idle to vacate a judgment if there is no real and substantial defense on the merits. But we need not decide as to this feature of the case, for there must be both excusable neglect and a meritorious defense as the cases cited by us will show."

In *Crumpler v. Hines,* 174 N. C., 284, *Allen, J.,* citing many authorities, says: "One who asks to be relieved from a judgment on the ground of excusable neglect must show merit, as otherwise the court would be asked to do the vain thing of setting aside a judgment when it would be its duty to enter again the same judgment on motion of the adverse party."

The judge further finds as facts that the plaintiff's and defendants' chain of title both cover the land in controversy; that defendants' chain of title is a grant, 10 March, 1898, mesne conveyances to T. C. Wooten, who on 17 February, 1911, conveyed to the defendants by deed which was recorded 27 February, 1911. Also that the "plaintiff's claim is under grant issued about 1795, which covers land in controversy; also under tax deeds, and connected with same by unbroken chain of title." And, also, that it acquired the T. C. Wooten title (under which defendants claim) by lien which attached prior to the said Wooten's deed to defendants, by virtue of a regular sale under execution on a judgment against T. C. Wooten docketed in Onslow on 10 February, 1911, eleven

days before the deed from said Wooten to the defendant was registered and seven days before it purports to have been executed.

There is not only no finding, or evidence set out in any affidavit to justify such finding, of any actual possession by defendants or those under whom they claim; but even if they had been in actual possession from the date of the grant it would have been of no avail as the grant was issued after 1893, to wit, 10 March, 1898. Rev., 1699, provides: "Every grant of land made since 6 March, 1893, in pursuance of the statutes regulating entries and grants, shall, if such land or any portion thereof has been heretofore granted by this State, so far as relates to any such land heretofore granted, be absolutely void for all purposes whatsoever; shall confer no rights whatever upon the grantee or grantees therein or those claiming under such grantee or grantees, and shall in no case and under no circumstances constitute any color of title to any person whomsoever." The statute was sustained in *Weaver v. Love,* 146 N. C., 414.

Upon the facts found the defendant has not shown any meritorious defense and the judge has not so found. The judgment below must be

Reversed.