SCOTT DILLINGHAM v. BLUE RIDGE MOTORS, INC.

(Filed 19 September, 1951.)

1. **Appeal and Error § 6c (3)—**

A broadside exception and assignment of error to the findings of fact and conclusions of law as set out in the judgment presents only whether the facts found support the judgment.

**2. Judgments § 27a—**

The court's findings that plaintiff had failed to establish mistake, surprise, inadvertence or excusable neglect, and that he had failed to show a meritorious defense, sustains the court's judgment denying plaintiff's motion under G.S. 1-220 to set aside the judgment by default against him on defendant's counterclaim.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rudisill, J.,* at May Term, 1951, of BUN-COMBE.

Civil action in claim and delivery by plaintiff to recover possession of an automobile held by the defendant to preserve its mechanic's lien for repairs under G.S. 44-2. The defendant, after replevying and holding the automobile, filed answer denying the plaintiff's right to possession and by way of counterclaim set up its lien for repairs in the amount of $170.14. The defendant's answer containing the counterclaim was duly served on the plaintiff by the sheriff of Buncombe County. No reply or other pleading was filed within the statutory period therefor and the Clerk of the Superior Court entered judgment by default final on the counterclaim. Thereupon, the plaintiff moved the Clerk to set aside the judgment for mistake, excusable neglect, and so forth, under the provisions of G.S. 1-220. The motion was denied and the plaintiff appealed to the Judge of the Superior Court.

From judgment affirming the action of the Clerk, the plaintiff appeals, assigning errors.

*Scott Dillingham, plaintiff, in propria persona, appellant.*
*J. M. Horner for defendant, appellee.*

JOHNSON, J. The plaintiff merely excepted to the judgment below and assigned as error the court's "findings of fact and conclusions of law as set out in said judgment." This assignment of error is broadside. The exception and assignment bring up only the question whether the facts found support the judgment. *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351. The Judge below found as facts that the plaintiff failed to establish either (1) mistake, surprise, inadvertence, or excusable neglect, or (2) that he has a meritorious defense to the counterclaim within the purview of G.S. 1-220. These findings support the judgment. No error appears on the face of the record. Therefore, the judgment below is

Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.