PERCY J. HOLCOMBE, T/D/A BLUE-GRAY AUTO SALES v. JAKE H. BOWMAN AND MELVIN D. POOVEY, T/D/A LAMAR MOTORS AND GRAMCO FINANCE COMPANY, INC. (GRAMCO OF NORTH CAROLINA, INC.)

No. 7025SC313

(Filed 15 July 1970)

**1. Judgments § 29—— meritorious defense —— mere denial of indebtedness**

The trial court properly found that defendant failed to show a meritorious defense where defendant's affidavit in support of his motion to set

aside a judgment against him merely stated, "I have a good defense to this action, as will appear from my Answer," and defendant's answer to the complaint merely denied plaintiff's allegations and alleged no facts tending to show a meritorious defense.

**2. Judgments § 25— inexcusable neglect — failure to appear at trial**

In this proceeding upon motion of defendant to set aside a judgment rendered against him in a trial at which he failed to appear, the trial court did not err in its findings of fact and conclusion of law that defendant failed to show excusable neglect, where affidavits presented at the hearing showed that defendant received a calendar showing when his case was scheduled for trial, that the trial was held at the scheduled time and place, that defendant was subpoenæd to appear at the trial, that he went to the courtroom, without counsel, at the designated hour but did not remain in the courtroom or make any inquiry of the attorneys, clerk or judge as to the status of his case, and that he did not present himself or make inquiry when he heard the name of his co-defendant mentioned by the presiding judge.

APPEAL by defendant Jake H. Bowman from *Martin (Harry C.), J.,* 5 January 1970 Regular Civil Session, CATAWBA Superior Court.

This is a civil action in which the plaintiff, Percy J. Holcombe, t/d/a Blue-Gray Auto Sales, hereinafter referred to as Auto Sales, sought to recover the purchase price of seven (7) automobiles which were sold by Auto Sales to Lamar Motors on 15 June 1964 at a price of $17,300.00. Lamar Motors issued seven (7) checks to Auto Sales but such checks were not honored by Northwestern Bank due to insufficient funds in the account of Lamar Motors.

Auto Sales filed a complaint on 11 August 1964 seeking payment from Jake H. Bowman and Melvin D. Poovey as owners of Lamar Motors and from Gramco Finance Company, Inc., hereinafter referred to as Gramco Finance, who Auto Sales alleged to be in possession of the automobiles. The defendants answered separately denying the allegations of Auto Sales. Gramco Finance further alleged that Auto Sales delivered the automobiles to Lamar Motors along with bills of sale and thereafter Lamar Motors executed mortgages to Gramco Finance borrowing $15,000.00 which has not yet been repaid in full.

The cause came on for hearing before Froneberger, J., at the 25 April 1966 Term of the Superior Court of Catawba County. Representatives and counsel for Auto Sales and Gramco Finance were present upon the cause coming for trial and were ready for trial. Neither of the individual defendants were present nor represented by counsel. Trial of the case proceeded. The parties present in court settled, adjusted and compromised all matters in controversy be-

tween them. Evidence was heard and issues submitted to the court sitting as a jury. Judgment was entered in favor of Auto Sales against the individually named defendants in the amount of $17,-300.00.

On 29 April 1966, appellant Bowman moved that the judgment against him be set aside, alleging no notice of the prior proceeding and the existence of a meritorious defense, surprise and excusable neglect. Affidavits were offered in support of his contentions. On the same day an order was entered by Judge Froneberger restraining Auto Sales and the Sheriff of Catawba County from executing the judgment until hearing at the next civil term. The motion came on for hearing before Ervin, J., on 12 September 1967 who refused to hear the matter because of lack of jurisdiction since the appellant had appealed the judgment to the North Carolina Supreme Court. The appeal was dismissed on 30 August 1968 for failure of appellant Bowman to perfect his appeal.

The motion was heard before Martin (Harry C.), J., at the 5 January 1970 Session of the Superior Court of Catawba County. The court made findings of fact and conclusions of law denying appellant Bowman's motion to set the judgment aside. From his order appellant Bowman appeals.

*Simpson and Martin by Dan R. Simpson for plaintiff appellee.*

*Tate, Weathers and Young By E. Murray Tate, Jr., for defendant appellee Gramco Finance Company, Inc.*

*Butner and Gaither by James M. Gaither, Jr., for defendant appellant Bowman.*

VAUGHN, J.

The appellant contends that the trial court erred as a matter of law in its findings of fact and conclusions of law that the appellant Bowman failed to show a meritorious defense to the plaintiff's action.

[1]     The appellant offered two contentions to support his claim of a meritorious defense; namely, his general denial by way of answer to the complaint and his specific denial of being in partnership with Melvin D. Poovey. The court's findings of fact that defendant failed to show a meritorious defense are supported by the evidence and are conclusive on appeal. *Floyd v. Dickey,* 245 S.C. 589, 96 S.E. 2d 731; *Dillingham v. Blue Ridge Motors,* 234 N.C. 171, 66 S.E. 2d 641; *Craver v. Spaugh,* 226 N.C. 450, 38 S.E. 2d 525; *Hodge v. First Atlantic Corp.,* 6 N.C. App. 353, 169 S.E. 2d 917. The answer of Bow-

man to the complaint merely denied the plaintiff's allegations and alleged no facts tending to show a meritorious defense. To merely deny indebtedness and assert the presence of a meritorious defense is not sufficient. *Hooks v. Neighbors,* 211 N.C. 382, 190 S.E. 236. The affidavit of Bowman in support of his motion only states, "I have a good defense to this action, as will appear from my Answer." This assignment of error is overruled.

[2]    The appellant further contends that the trial court erred as a matter of law in the findings of fact and conclusions of law that appellant Bowman failed to show his neglect to be excusable.

The trial court found:

> "F.    That, taken as a whole, the affidavits of Jake H. Bow-man show inexcusable neglect and a failure to give his defense the attention a man of ordinary prudence would give his important business."

It is our opinion that the finding was fully supported by the affidavits introduced at the hearing and is conclusive upon this appeal. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507.

In *Hodge v. First Atlantic Corp.; supra,* Britt, J., writing for this Court, it is said:

> "The exceptional relief of G.S. 1-220 [repealed as of 1 January 1970, replaced by Rules of Civil Procedure, Chapter 1-A, Rule 60] to set aside a judgment for mistake, inadvertence, surprise, or excusable neglect will not be granted where there is inexcusable neglect on the part of the litigant. 'A lawsuit is a serious matter. He who is a party to a case in court "must give it that attention which a prudent man gives to his important business." [citations]' *Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906. 'When a man has a case in court the best thing he can do is to attend to it. If he neglects to do so he cannot complain because the other party attended to his side of the matter.' *Pepper v. Clegg, supra.* * * *"

The affidavits presented at the hearing tended to show that Bow-man received a calendar when his case was scheduled for trial in April 1966, that he was served with a subpœna by the Deputy Sheriff of Catawba County ordering him to be at trial and that he did come to the courtroom, without counsel, at the designated hour but did not remain in the courtroom or make any inquiry of the opposing attorneys, of the clerk, or of the presiding judge of the status of his case nor did he present himself or make inquiry when he heard the name of his co-defendant, Melvin D. Poovey, mentioned by the

presiding judge. Before the case was tried, the deputy sheriff called out the defendant's name three times in a loud voice and looked for him in the area surrounding the courtroom. The trial was had at the time and place at which the case had been scheduled.

There was plenary evidence to support the decision of the trial court and the appellant's motion to set aside the judgment was properly denied. We have considered the appellant's remaining assignment of error and find it to be without merit. Upon the facts shown, defendant is not entitled to relief under G.S. 1-220, the statute in effect at the time he filed his motion, or under Rule 60 of the Rules of Civil Procedure which became effective 1 January 1970.

The order appealed from is

Affirmed.

CAMPBELL and BRITT, JJ., concur.