## DOXOL GAS OF ANGIER, INC. v. MARVIN BAREFOOT

### No. 7111DC58

### (Filed 31 March 1971)

1. **Rules of Civil Procedure § 60— relief from default judgment — requisites**

    In order to set aside a judgment by default, the court must find that defendant's neglect was excusable and that he had a meritorious defense to the action. G.S. 1A-1, Rule 60(b) (1).

2. **Rules of Civil Procedure § 60— relief from default judgment — excusable neglect**

    The fact that defendant was in the midst of the tobacco curing season and did not have time to answer the complaint is insufficient as a matter of law to constitute excusable neglect. G.S. 1A-1, Rule 60(b) (1).

3. **Rules of Civil Procedure §§ 5, 7, 60— setting aside default judgment — notice to plaintiff**

    Defendant's written motion to set aside a default judgment was not one which might be heard *ex parte*, and it was error for the court to hear and allow the motion without any notice to the plaintiff. G.S. 1A-1, Rules 5(a), 7(b) (1), and 60(b).

APPEAL by plaintiff from *Robert B. Morgan, Sr., Chief District Judge,* 14 September 1970 Session of HARNETT District Court.

On 9 July 1970 plaintiff filed verified complaint seeking recovery of $1,784.76 for goods sold and delivered under an express contract and recovery of $1,829.50 on a promissory note executed by defendant to plaintiff. On 21 July 1970 summons and copy of complaint were personally served on defendant. Defendant did not file answer or seek any extension of time to plead, and on 24 August 1970 judgment by default was entered in plaintiff's favor for the sums demanded. On 15 September 1970, without notice to plaintiff, defendant filed written motion to set the default judgment aside, alleging in the motion:

"[T]hat at the time the complaint was served on him he was in the midst of barning tobacco, consisting of about 31 acres, that the defendant was busy with his labor problem and mislaid the complaint and did not have ample time to answer this complaint nor did he have ample time to subpoena witnesses and to even attend a trial due to the circumstances of his crop, and the defendant shows to the

Court that judgment was obtained by default and the defendant believes and so alleges that he has a meritorious defense. . . ."

On 15 September 1970, the same date the motion was filed, an order allowing the motion was also filed. This order was dated 14 September 1970, was signed by the Chief Judge of the District Court in Harnett County, and contains the following:

"[T]hat the defendant failed to file an Answer due to the fact that the defendant was involved in harvesting 31 acres of tobacco, and the defendant has shown to the Court that judgment by default was obtained against him and has also shown to the Court that he desires now to come into Court and file and *(sic)* answer and present his evidence, and the Court is of the opinion that the defendant is entitled to this relief;

"Now, THEREFORE, the Judgment rendered in this cause and recorded in the Office of the Clerk of the Superior Court, Harnett County and the Office of the Clerk of the Superior Court of Wake County is hereby set aside and the defendant is granted thirty days from the date of execution of this Order to file an answer or otherwise plead in this cause, and this matter will be set for trial as by law provided."

From this order, plaintiff appealed.

*James F. Penny for plaintiff appellant.*

*No counsel for defendant appellee.*

PARKER, Judge.

[1]    "Unless the judge finds that there was excusable neglect, and this finding is correct as a matter of law, he is not authorized to set aside the judgment. The facts found by him are conclusive if there is any evidence on which to base such finding of fact. Whether the facts found constitute excusable neglect or not is a matter of law and reviewable upon appeal." *Land Co. v. Wooten,* 177 N.C. 248, 98 S.E. 706. Even when the facts found justify a conclusion that the neglect was excusable, the court cannot set aside the judgment unless there is a meritorious defense, *Land Co. v. Wooten, supra,* for "[i]t would be idle to vacate a judgment where there is no real or substantial defense on the merits." *Cayton v. Clark,* 212 N.C. 374, 193 S.E. 404. "Parties who have been duly served with summons are required

to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable." 5 Strong, N. C. Index 2d, Judgments, § 25; *Jones v. Fuel Co.*, 259 N.C. 206, 130 S.E. 2d 324; *Meir v. Walton*, 2 N.C. App. 578, 163 S.E. 2d 403.

The cases cited above were decided under former G.S. 1-220, which has now been replaced by Rule 60(b) (1) of the Rules of Civil Procedure. The language of the Rule follows closely the language of the former statute, and the principles announced in the above cases still apply.

[2]   In the present case it is our opinion and we so hold that the facts found in the order appealed from do not, as a matter of law, constitute excusable neglect. Furthermore, the defendant failed to show and there was no finding that he has any meritorious defense.

[3]   We also note that the order appealed from was entered without any notice to plaintiff. G.S. 1A-1, Rule 60(b) provides that "[t]he procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action." Rule 7(b) (1) provides that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial or at a session at which a cause is on the calendar for that session, shall be made in writing. . . ." Rule 5(a) provides that "every written motion other than one which may be heard *ex parte* . . . shall be served upon each of the parties. . . ." Defendant's written motion to set aside the default judgment was not one which might be heard *ex parte. Harper v. Sugg,* 111 N.C. 324, 16 S.E. 173; 2 McIntosh, N. C. Practice and Procedure, § 1717.

The order appealed from is erroneous and is

Reversed.

Chief Judge MALLARD and Judge GRAHAM concur.