THE CAROLINA BANK, INC. v. NORTHEASTERN INSURANCE FINANCE COMPANY, INC.; JOHN I. LEE AND WIFE, DOROTHY T. LEE; JOHN B. RICHARDSON AND WIFE, RUBY G. RICHARDSON; AND WILLIAM JORDAN COLLIE

No. 7410SC883

(Filed 19 March 1975)

1. **Judgments § 29— setting aside default judgment — meritorious defense**
   Even if there is a determination of excusable neglect, a meritorious defense must be shown before a default judgment may be set aside.

2. **Judgments § 29— determination of meritorious defense**
   In determining defendant's motion to set aside a default judgment, the trial court erred in finding that defendant had no meritorious defense by resolving the controverted principal factual allegations since the court should determine only whether defendant has, in good faith, presented by his allegations, *prima facie*, a valid defense.

APPEAL by defendant John I. Lee from *Bailey, Judge*. Judgment entered 17 July 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 17 February 1975.

Plaintiff instituted this action to recover the balance of $118,000.00 due on promissory note No. 0263 in the principal amount of $134,250.00, allegedly executed by the corporate defendant on 2 August 1972. Plaintiff alleges that defendants Lee executed an agreement personally guaranteeing payment by the corporate defendant; that defendants Richardson executed an agreement personally guaranteeing payment by the corporate defendant; and that defendant Collie executed an agreement personally guaranteeing payment by the corporate defendant. Plaintiff seeks judgment against the individual defendants upon their respective guaranty agreements.

Defendants Lee failed to file an answer within the time allowed, and a default and a default judgment were duly entered. Defendants Lee filed a motion to set aside the entry of default and the default judgment. Judge Bailey found that the failure to file an answer was due to excusable neglect; that defendant Dorothy T. Lee had never been served with a summons; and that defendant John I. Lee did not have a meritorious defense. Judge Bailey set aside the entry of the default and the default judgment as against Dorothy T. Lee but denied the motion of John I. Lee to set aside the entry of default and default judgment. Defendant John I. Lee appealed.

*Dillard M. Powell, for the plaintiff.*

*Richard B. Conely, for the defendant John I. Lee.*

BROCK, Chief Judge.

Whether excusable neglect has been shown is a question of law. The trial court considers the evidence and finds the facts. Upon the facts found, the trial judge determines, as a matter of law, whether they constitute excusable neglect. *Equipment, Inc. v. Lipscomb,* 15 N.C. App. 120, 189 S.E. 2d 498 (1972). Upon the facts found in this case, we think the trial judge correctly concluded that the failure of defendant John I. Lee to file an answer within the time allowed was due to excusable neglect.

[1] Even if there is a determination of excusable neglect, our case law requires a showing of a meritorious defense before the default judgment can be set aside. *Kirby v. Contracting Co.,* 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied,* 278 N.C. 701 (1971). Therefore, the sole question presented by this appeal is whether the trial court erred in determining that defendant John I. Lee "has no meritorious defense to said action."

[2] Along with his motion to vacate the default and the default judgment, defendant tendered his proposed verified responsive pleadings. Plaintiff filed affidavits controverting defendant's factual allegations. It is clear that the trial judge resolved these controverted principal facts before making his determination that defendant John I. Lee had "no meritorious defense." In resolving these controverted principal factual allegations, his honor fell into error. In determining whether a meritorious defense has been shown, the court should determine whether the movant has, in good faith, presented by his allegations, *prima facie,* a valid defense. *Estes v. Rash,* 170 N.C. 341, 87 S.E. 109 (1915). "Where a party, in good faith, shows facts which raise an issue sufficient to defeat his adversary, if it be found in his favor, it is for the jury to try the issue and not for the judge, who merely finds whether on their face the facts show a good defense in law; otherwise, the defendant, though he establish ever so clear a case of excusable neglect entitling him to have the judgment set aside, would be deprived of the right of trial by the jury of the issue thus raised." *Gaylord v. Berry,* 169 N.C. 733, 735, 86 S.E. 623 (1915).

It appears that defendants' proposed verified answer, *prima facie*, states a valid defense.

So much of the judgment appealed from as relates to the defense of defendant John I. Lee is reversed, and the cause is remanded for a new hearing to determine whether, from his proposed verified pleadings and his affidavits, defendant John I. Lee has, in good faith, stated a valid defense. If so, it will constitute the statement of a meritorious defense.

Reversed in part.

Judges VAUGHN and MARTIN concur.