WILLIAM N. NORTON v. H. B. SAWYER

No. 754SC1057

(Filed 18 August 1976)

Rules of Civil Procedure § 60— motion to set aside judgment — excusable neglect — meritorious defense — one year time limit for making motion

Defendant's motion to set aside a judgment entered against him for damages for an alleged breach of contract was properly denied, though defendant's failure to file answer was due to excusable neglect, his counsel having been negligent and defendant having relied upon him, and though defendant had a meritorious defense—a denial that he ever made a contract with plaintiff, since defendant's motion was not made within one year as required by G.S. 1A-1, Rule 60(b)(1), and since the interests of justice would not best be served by setting the judgment aside pursuant to G.S. 1A-1, Rule 60(b)(6) where plaintiff could not be placed in the same position held by him prior to entry of the judgment.

APPEAL by defendant from *Graham, Judge.* Judgment entered 22 September 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 9 April 1976.

Defendant seeks to set aside a judgment entered against him for damages for an alleged breach of contract with plaintiff. Sawyer offered an affidavit which stated the following. On 11 July 1970 he received a complaint filed by plaintiff. Upon re-

Norton v. Sawyer

ceipt of the complaint he employed attorney Marion Godwin to defend him against plaintiff's claim. Sawyer entreated Godwin to file an answer but Godwin did not do so. Godwin assured him that he was "working things out" with plaintiff's attorney so that plaintiff would look to co-defendant B. F. Diamond Construction Company, Inc. for recovery. Despite this, on 6 February 1974 a default judgment for $25,000 was entered on plaintiff's claim against Sawyer. Sawyer stated that he had truly believed Godwin was representing his interests, that he again contacted Godwin after entry of the default judgment and was assured that Godwin "would take care of it," and that he met with plaintiff and plaintiff's attorney and learned that plaintiff's attorney did not have anything worked out with attorney Godwin. Sawyer "continued to beg" Godwin to seek relief and Godwin "continued to reassure" him that he would gain relief. Sawyer discovered in early June 1975 that Godwin had closed his law office, and he was unable to find Godwin thereafter. He employed his present counsel, whose efforts have been hampered by the fact that papers in the court file on this case are missing and presumed lost. Sawyer contends that he has a complete defense to plaintiff's claim since he never made a contract with plaintiff.

A hearing was held on Sawyer's motion to set aside the judgment against him. At the hearing Godwin appeared and testified for Sawyer. He stated that Sawyer had contacted him at least twenty times regarding the status of the claim, that he assured Sawyer on each occasion that everything was all right, and that the default judgment was the result of a misunderstanding between plaintiff's counsel and himself. Plaintiff presented a clerk of court who testified that the case had appeared on trial calendars for 7 February 1972 and 11 February 1974, that either defendant Sawyer or attorney Godwin would have been mailed a copy of the calendars, but that she did not know whether or not Sawyer himself was mailed a copy of the calendars.

Plaintiff testified that he and his attorney met with Sawyer before obtaining the default judgment, that his attorney advised Sawyer to see his attorney and have an answer filed, and that he would have lost everything he had done on this particular job if he had not gotten the judgment against Sawyer.

The motion of the defendant Sawyer to set aside the judgment was denied and defendant appealed.

*Warlick, Milsted & Dotson, by Marshall F. Dotson, Jr.,* for plaintiff appellee.

*Bailey & Gaylor, by Edward G. Bailey,* for defendant appellant.

MARTIN, Judge.

Motions to set aside a final judgment are governed by Rule 60(b) of the North Carolina Rules of Civil Procedure which provides in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> \*       \*       \*
>
> (6) Any other reason justifying relief from the operation of the judgment."

While motions under Rule 60(b)(1) must be brought within one year after a judgment is taken or entered, motions under Rule 60(b)(6), to set aside a final judgment for "[a]ny other reason justifying relief from the operation of the judgment" may be brought within "a reasonable time." G.S. 1A-1, Rule 60(b). The broad language of clause (6) "gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice." 3 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 1329 at 417.

Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507 (1954). It is our opinion, and we so hold, that in the instant case there is competent evidence to support the findings of fact. The conclusions of law made by the judge upon the facts found by him are reviewable on appeal. *Moore v. Deal, supra.* We now test the judgment entered by the trial court in accordance with that precept.

Justice Parker (later Chief Justice) set forth the general principles of law established by the Court's decisions, as to when relief will be afforded a client against whom a judgment

by default has been rendered by the negligence of his attorney, in *Moore v. Deal, supra,* as follows:

> "[O]rdinarily a client is not charged with the inexcusable neglect of his attorney, provided the client himself has exercised proper care. (Citations omitted.) 'We have consistently held that where the negligence is that of the attorney, and not of the client against whom a judgment by default is rendered, relief will be afforded the latter.' (Citations omitted.)

> 'In considering the propriety of the order entered on the hearing of defendant's motion, we must remember that the excusability of the neglect on which relief is granted is that of the litigant, not that of the attorney. The neglect of the attorney, although inexcusable, may still be cause for relief.' (Citations omitted.)

> The standard of care required of the litigant is that which a man of ordinary prudence usually bestows on his important business. (Citations omitted.)

> The attorney employed, 'must be one licensed to practice in this State, and his negligence on which the prayer for relief is predicated must have been some failure in the performance of professional duties which occurred prior to and was the cause of the judgment sought to be vacated.' (Citations omitted.)

> A further requirement seems to be that the lawyer employed must be reputable, skilled and competent, and that the client must impart to him facts constituting his defense. (Citations omitted.) However, the mere employment of counsel is not enough. (Citation omitted.) The client may not abandon his case on employment of counsel, and when he has a case in court he must attend to it. (Citations omitted.)

> The party seeking to set aside a default judgment must be without fault. (Citations omitted.)

> The defendant must have a real or substantial defense on the merits, otherwise the court would engage in the vain work of setting a judgment aside when it would be its duty to enter again the same judgment on motion of the adverse party. (Citations omitted.)"

That defendant's attorney Godwin was guilty of inexcusable neglect of his client Sawyer's case is not debatable. We now test the court's conclusion of law "that the neglect of the defendant was inexcusable." If the court finds correctly that the negligence was inexcusable, of course, that defeats the motion to set aside the judgment. The test of the negligence of the client or party is whether he has acted as a man of ordinary prudence while engaged in transacting important business. *Lumber Company v. Cottingham,* 173 N.C. 323, 92 S.E. 9 (1917). The burden was upon the defendant to show that he gave the case "such attention as a man of ordinary prudence usually gives to his important business." *Norton v. McLaurin,* 125 N.C. 185, 34 S.E. 269 (1899). Summons and complaint were served on defendant in July 1970 and within a few days he employed attorney Godwin and requested said attorney to represent him and file answer. Attorney Godwin undertook to represent defendant and agreed to file an answer on his behalf. In January 1974 the plaintiff and the defendant Sawyer went to the office of the plaintiff's attorney and the defendant was then and there advised to see his attorney and file an answer. No answer or other pleading was filed by defendant's attorney and on 6 February 1974 a default judgment was entered by the Clerk of Superior Court.

Excusable neglect is something which must have occurred at or before entry of the judgment, and which caused it to be entered. *Lumber Co. v. Cottingham, supra.* What occurred after the entry of the default judgment is not to be considered except as it relates to whether the motion to vacate was made in "reasonable time."

The distinction between the neglect of parties to an action and the neglect of counsel is recognized by our courts, and except in those cases in which there is a neglect or failure of counsel to do those things which properly pertain to clients and not to counsel, and in which the attorney is made to act as the agent of the client to perform some act which should be attended to by him, the client is held to be excusable for the neglect of the attorney to do those things which the duty of his office of attorney requires. It was the duty of the attorney to file the defendant's answer. The client is not presumed to know what is necessary. When he employs counsel and communicates the merits of his case to such counsel, and the counsel is negligent, it is excusable on the part of the client, who may reasonably

rely upon the counsel's doing what may be necessary on his behalf. *Schiele v. Insurance Co.*, 171 N.C. 426, 88 S.E. 764 (1916).

Defendant was a co-defendant of B. F. Diamond Construction Company, Inc. There was evidence tending to show that plantiff's counsel and defendant's counsel were trying to work things out. The mere fact that plaintiff's counsel had not moved for default judgment against defendant and was insisting that he file answer indicates that plaintiff's counsel considered the defendant Diamond as the responsible party. It also lends credence to the claims of defendant's counsel that he had an "understanding." If not, why did plaintiff's counsel wait from 1970 to 1974 to move for default judgment? The defendant was "betwixt and between," relying on the advice and promise of his counsel, which he had a right to do and the advice of plaintiff's counsel, his adversary. Under these circumstances, we cannot say that defendant did not act as a man of ordinary prudence.

In order to vacate a judgment there must be both excusable neglect and a meritorious defense. It would be idle to vacate a judgment if there is no real and substantial defense on the merits. It is therefore essential that the judge find that defendant has a meritorious defense which could be set up if the judgment is set aside. The mere denial of the obligation set out in the complaint will not support a finding of a meritorious defense.

Here, however, the defendant not only avers that he has a complete defense but denies that he ever made a contract with plaintiff and explains that "he in fact had it expressly understood among all the parties that he would not do any work on the project . . . unless it was agreed that William E. Norton should not look to him for payment of any kind. . . . " We hold, therefore, that defendant had a substantial defense on the merits.

Motions under Rule 60(b)(1) must be brought within one year after a judgment is entered. In the present case the default judgment was entered in February 1974 and defendant's motion was not made until July 1975. Therefore, defendant's motion was not timely made under Rule 60(b)(1). Thus, in order for defendant to prevail his motion must be cognizable

under Rule 60(b)(6), which may be brought within a "reasonable time." G.S. 1A-1, Rule 60(b).

Some federal courts have held that errors or omissions of counsel are not "any other reason" justifying relief under Rule 60(b)(6) from a final judgment. It was also held that Rules 60(b)(1) and 60(b)(6) were mutually exclusive, so that any conduct which generally fell under the former could not stand as a ground for relief under the latter. Further, it has been held that "excusable neglect" as a ground for relief was expressly covered by Rule 60(b)(1) and that the time limit clearly intended by the rules for relief based on excusable neglect under clause (1) cannot be avoided by merely calling excusable neglect "any other reason" in order to invoke Rule 60(b)(6) which has no specific time limitation.

In some cases, on the other hand, the federal courts have found that the errors or omissions of counsel in particular circumstances—circumstances which other courts might have been disposed to rely on as showing "gross neglect"—were reasons justifying relief from the operation of a judgment under Rule 60(b)(6). 15 A.L.R. Fed. 193, § 14, page 255. In this connection it has been held that "gross neglect" of counsel is an extraordinary circumstance taking the case out of clause (1) and justifying relief under clause (6).

While Rule 60(b)(6) has been described as "a grand reservoir of equitable power to do justice in a particular case," 7 Moore's Federal Practice, § 60.27[2] at 375 (2d ed. 1975), it should not be a "catch-all" rule. Here, defendant's motion to reinstate was under 60(b)(1) and was barred by the one year time limit in clause (1). While Rule 60(b)(6) vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, nevertheless, we hold that a judge cannot do so without a showing based on competent evidence that justice requires it.

In the instant case on the 25th day of February 1974, the plaintiff entered a stipulation of dismissal with prejudice against the defendant B. F. Diamond Construction Company, Inc. Therefore the parties cannot now be restored to their original claims. Plaintiff testified: "If I couldn't get a judgment against Sawyer I would have lost everything I had done on the Cape Fear River job." Thus, we cannot say that "the interests of justice will best

be served" by setting the judgment aside. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

Judges MORRIS and PARKER concur.