CHAPARRAL SUPPLY v. CHARLES VINCENT BELL

No. 8426DC1092

(Filed 16 July 1985)

1. **Rules of Civil Procedure § 60.2— motion to set aside judgment—insufficient pleading of meritorious defense**

Defendant's assertion in his G.S. 1A-1, Rule 60(b)(1) motion that he is not indebted to plaintiff was an insufficient pleading of a meritorious defense to permit the trial court to set aside a summary judgment for the indebtedness on the ground of excusable neglect.

2. **Rules of Civil Procedure § 60.4— motion to set aside judgment—excusable neglect—conclusiveness of findings**

Findings of fact by the trial court on a motion to set aside a judgment on the ground of excusable neglect are final unless excepted to or contentions are made that the evidence does not support the findings of fact.

Judge BECTON dissenting.

APPEAL by defendant from *Lanning, Judge.* Judgment entered 27 July 1984 in District Court, MECKLENBURG County. Heard in the Court of Appeals 10 May 1985.

This is a civil action in which plaintiff, Chaparral Supply, a Florida company dealing in the business of selling office supplies, seeks to recover money allegedly owed on an account by defendant, Charles Vincent Bell.

The essential facts are:

On 28 December 1983, plaintiff filed an unverified complaint with copies of purported invoices attached alleging that defendant ordered office supplies from plaintiff having a value of $1,244.16 on an open account, on or about 4 February 1983, and that defendant was indebted to plaintiff.

Defendant answered in a verified pleading and denied ordering office supplies from plaintiff, having an account with plaintiff and being indebted to plaintiff.

On 28 February 1984, plaintiff filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, accompanied by an affidavit which, in substance, repeated the allegations in the com-

plaint. Attached to the affidavit were copies of invoices that were also attached to the original complaint.

A hearing was held on 2 April 1984 before the Hon. James E. Lanning, Chief District Judge for the Twenty-Sixth Judicial District. Neither defendant nor his counsel of record was present. Summary judgment was entered for plaintiff stating "that there is no genuine issue as to any material fact and that the Plaintiff is entitled to a judgment as a matter of law." Defendant's motion to set aside the judgment pursuant to G.S. 1A-1, Rule 60 was denied. From entry of summary judgment and denial of his Rule 60 motion, defendant appeals.

*No brief for plaintiff-appellee.*

*Marshall McCallum, Jr., for defendant-appellant.*

EAGLES, Judge.

I

Defendant purports to assign as error the entry of summary judgment in favor of plaintiff. Our examination of the record reveals that there is no notice of appeal from the trial court's order of summary judgment entered 3 April 1984. Accordingly, defendant's assignment of error relating to the granting of plaintiff's motion for summary judgment is not properly before us. Rule 3, Rules of Appellate Procedure.

II

Defendant next assigns as error the trial court's denial of his motion for relief pursuant to G.S. 1A-1, Rule 60(b)(1) and (6). We find no error.

[1]   G.S. 1A-1, Rule 60(b)(1) grants relief from a final judgment by reason of mistake, inadvertence, surprise, or excusable neglect. For a judgment to be set aside, the moving party must show both excusable neglect and a meritorious defense. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976). As for the defense, however, the trial court does not hear the facts but determines only whether the movant has pleaded a meritorious defense. *Carolina Bank Inc. v. Northeastern Ins. Finance Co., Inc.*, 25 N.C. App. 211, 212 S.E. 2d 552 (1975). To merely deny an indebtedness and assert the presence of

Chaparral Supply v. Bell

a meritorious defense is not sufficient. *Holcombe v. Bowman*, 8 N.C. App. 673, 175 S.E. 2d 362 (1970). This is true even when the facts found justify a conclusion that the movant's neglect was excusable. The trial court cannot set aside the judgment unless there is a meritorious defense, a real or substantial defense on the merits. *Doxol Gas of Angier, Inc. v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971).

Here, in addition to pleading "excusable neglect" by virtue of his having not attended the summary judgment hearing, defendant asserts in his G.S. 1A-1, Rule 60(b) motion that he is not indebted to plaintiff and that this denial of indebtedness is a meritorious defense. We disagree.

[2] The trial court found as fact and concluded as law that there was no excusable neglect and that defendant did not have a meritorious defense. Findings of fact by the trial court on a motion to set aside a judgment on the grounds of excusable neglect are final unless excepted to or contentions are made that the evidence does not support the findings of fact. *Menache v. Atlantic Coast Management Corp.*, 43 N.C. App. 733, 260 S.E. 2d 100 (1979), *rev. denied*, 299 N.C. 331, 265 S.E. 2d 396 (1980). Here, there appear of record no exceptions to the trial court's findings of fact nor is there an assignment of error that the evidence does not support the findings of fact.

We hold that the trial court's findings of fact are based upon competent evidence and they support the trial court's conclusions of law.

Affirmed.

Judge PHILLIPS concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that defendant has shown excusable neglect within the meaning of Rule 60(b)(1) of the North Carolina Rules of Civil Procedure, a meritorious defense to plaintiff's motion for summary judgment, and another "reason justifying relief from the op-

eration of the judgment," within the meaning of Rule 60(b)(6), I dissent.

First, the appeal entries which the trial court specifically included in its order denying defendant's motion for relief pursuant to Rule 60 state that defendant appeals from the "signing and entry of the foregoing Order and Judgment." By appealing, defendant excepts to the order and challenges the sufficiency of the findings of fact and conclusions of law which support that order.

Second, defendant's verified motion states that neither he nor his attorney expected to see, or noticed, that the case was calendared for summary judgment hearing within two months of the Answer, and that his attorney did not timely receive a copy of the summary judgment motion because his attorney had relocated his office at the time the summary judgment motion was filed. This constitutes excusable neglect.

Third, I believe defendant's forecast of evidence from several office workers, that none had purchased office supplies from plaintiff, a Florida-based company, and that one of defendant's office workers "had answered a call from a representative of the plaintiff soliciting orders, and had informed said representative that all supplies for the entire office were purchased from a local source," coupled with defendant's argument that follows, constitute a meritorious defense:

> Both [of plaintiff's invoices] are made out in the firm name, 'Bell, King & McCallum,' a name which had not been used for at least four (4) years prior to the commencement of this action. In the unlikely event that the defendant had ordered any supplies from the plaintiff, in February of 1983, he would have had no reason to order any supplies in that firm name, which, the defendant argues, gives further credence to his contention that the plaintiff is one of a legion of insidious sifters of mailing lists or of attorneys' directories (including, apparently, outdated ones) who attempt to solicit sales by telephone.

Finally, I believe the trial court erred in concluding that there "is no other reason justifying relief from the operation of the judgment" pursuant to Rule 60(b)(6). At the time the trial court ruled on defendant's Rule 60 motion, it had before it an af-

fidavit from one of plaintiff's representatives which stated: "[t]hat on or about January 11, 1984, [before the date the summary judgment motion was filed], the plaintiff did receive back from the defendant all of the aforesaid office supplies except one gross (twelve dozen) of the Bic pens." In my view, defendant is entitled to some relief from the judgment that awards plaintiff $1,244.16 for 144 Bic pens, and which does not credit defendant's account in any amount for the items returned to plaintiff.

Based on the foregoing, I cannot concur in the majority's opinion affirming the trial court.