CITY FINANCE COMPANY OF GOLDSBORO, INC., TRUSTEE FOR GENERAL ELECTRIC CREDIT CORP. v. RONNIE LEE BOYKIN AND LOUREATHA M. BOYKIN

No. 864DC1355

(Filed 21 July 1987)

1. **Judgments § 25.3; Rules of Civil Procedure § 60.2— action not prosecuted — failure to communicate with attorney — no excusable neglect — no relief from judgment**

Plaintiff was not entitled to have a judgment against it set aside on the ground of excusable neglect where there was no evidence that plaintiff maintained a reasonable level of communication with its attorney or that it followed the progress of the case during the two years it was pending. N.C.G.S. § 1A-1, Rule 60(b)(1).

2. **Attorneys at Law § 7.5— unfair trade practices — attorney's fees awarded to consumer — attorney's fees expended to protect judgment proper**

Where defendants were initially awarded attorney's fees under N.C.G.S. § 75-16.1, any effort by defendants to protect their judgment should likewise entitle them to attorney's fees; therefore, they were entitled to attorney's fees to defend plaintiff's motion to set aside the judgment and to attorney's fees for time expended on plaintiff's appeal from denial of its motion.

APPEAL by plaintiff and defendants from *Martin (James N.), Judge.* Order entered 30 September 1986 in District Court, SAMPSON County. Heard in the Court of Appeals 13 May 1987.

Plaintiff filed a complaint for money owed and sought claim and delivery of defendants' personal property in pursuing collection of a note. Defendants answered and asserted that the note was void and then counterclaimed for damages and attorney's fees based on plaintiff's unfair collection practices under Chapter 75 of the North Carolina General Statutes.

Plaintiff, in attempting to collect upon the note, had been calling defendant repeatedly at work. On two occasions Mr. Boykin asked that plaintiff not call him there and gave plaintiff an alternate phone number where he could be reached when not at work. The number was that of defendants' next door neighbor, who would go get them when they received a call or would take a message if they were not at home. Although it had the alternate number, plaintiff still continued to call defendant at work in violation of N.C.G.S. § 75-52(4).

City Finance Co. v. Boykin

The case was placed on the trial calendar for the civil session beginning 2 June 1986. A copy of this calendar was addressed and mailed to plaintiff's counsel and was never returned to the court. The case was called for trial on 3 June 1986, but neither plaintiff nor its attorney appeared. Defendants moved to dismiss plaintiff's claim for failure to prosecute pursuant to N.C.G.S. § 1A-1, Rule 41. Once this motion was granted, defendants presented evidence to support their counterclaim. The trial court entered judgment in defendants' favor and awarded them $500 in damages and $850 in attorney's fees.

Plaintiff filed a motion to set aside the judgment on the grounds that it had no notice that the matter was set for trial. Defendants then filed a motion for attorney's fees expended in defense of plaintiff's motion. The trial court denied both motions and both parties appealed. Subsequently, defendants also filed a motion for attorney's fees for time expended on this appeal.

*Harrison, Heath and Simpson, P.A., by Fred W. Harrison, attorney for plaintiff.*

*East Central Community Legal Services, by Leonard G. Green, attorney for defendants.*

ORR, Judge.

I.

[1] Plaintiff argues that the trial court erred in denying its motion to set aside the judgment. We do not agree.

N.C.G.S. § 1A-1, Rule 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect.

Plaintiff contends that the judgment should be set aside because any failure to prosecute this suit was due to the negligence of its attorney and not to any negligence on its own part. Although the negligence of an attorney is generally not imputed to a client, a client may be charged with the inexcusable neglect of his attorney if the client himself fails to exercise proper care.

*Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *disc. rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976).

The standard of care required of a litigant in the participation of a lawsuit is that which a man of ordinary prudence usually bestows on his important business. *Id.* Where a litigant merely turns a legal matter over to an attorney, even upon the latter's assurance that he will handle the matter, and then the litigant does nothing further about it, such neglect is not excusable. *Howard v. Williams*, 40 N.C. App. 575, 253 S.E. 2d 571 (1979). Once a litigant engages an attorney, he must thereafter diligently confer with that attorney and generally try to keep informed of the proceedings. *See Electric Co. v. Carras*, 29 N.C. App. 105, 223 S.E. 2d 536 (1976).

The evidence in the case *sub judice* reveals that plaintiff failed to give the prosecution of this case the attention which a man of ordinary prudence gives his important business. Plaintiff initiated this suit and had a duty to monitor its progress. Yet, there is no evidence that plaintiff maintained a reasonable level of communications with its attorney or that it followed the progress of the case during the two years it was pending. Therefore, plaintiff has failed to demonstrate that it exercised the proper care necessary to establish excusable neglect and to justify setting aside the judgment entered against it.

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the Court abused its discretion." *Burwell v. Wilkerson*, 30 N.C. App. 110, 112, 226 S.E. 2d 220, 221 (1976). Given the evidence, we hold that there was no abuse of discretion in denying plaintiff's motion to set aside the judgment and the judgment of the trial court is affirmed.

## II.

[2]   Defendants argue that the trial court erred in denying their motion for attorney's fees for time expended in defending plaintiff's motion to set aside the judgment. We agree.

Defendants were initially awarded attorney's fees under N.C.G.S. § 75-16.1, which states that:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his

discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:

> (1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit.

Once the trial court found that plaintiff's actions were willful and that its refusal to cease calling Mr. Boykin at work constituted an unwarranted refusal by plaintiff to resolve the issue, it properly awarded attorney's fees to defendants.

Upon a finding that defendants were entitled to attorney's fees in obtaining their judgment, any effort by defendants to protect that judgment should likewise entitle them to attorney's fees. In *Hill v. Jones*, 26 N.C. App. 168, 215 S.E. 2d 168, *cert. denied*, 288 N.C. 240, 217 S.E. 2d 664 (1975), this Court held that the trial court has the authority to award attorney's fees for all phases of a case. In that case the Court was applying the provisions of N.C.G.S. § 6-21.1, which authorizes attorney's fees in cases involving property damage of $10,000 or less. N.C.G.S. § 6-21.1 is similar in wording and purpose to N.C.G.S. § 75-16.1 and provides that:

> [i]n any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

In *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973), the Supreme Court upheld an award of attorney's fees under N.C.G.S. § 6-21.1 and stated that:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that [it] is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Id.* at 239, 200 S.E. 2d at 42 (citations omitted).

Like N.C.G.S. § 6-21.1, N.C.G.S. § 75-16.1 should be construed and applied liberally in order to grant defendants an additional award of attorney's fees for time spent in protecting their judgment. Defendants were awarded only $500 in damages and $850 in attorney's fees. Had they not been awarded attorney's fees, it would not have been economically feasible for them to have defended this suit. Likewise, without an additional award of attorney's fees for time expended in defense of plaintiff's motion, it was not economically feasible for them to try and preserve that judgment.

Therefore, we reverse the decision of the trial court on this issue and remand for findings on the hours spent in defense of plaintiff's motion and on a reasonable hourly fee and for the entry of an additional award of attorney's fees.

For the aforementioned reasons, we also grant defendants' motion for attorney's fees for time expended on appeal. Attorney's fees may be awarded on appeal in the discretion of the trial court. *Hill v. Jones*, 26 N.C. App. 168, 215 S.E. 2d 168. Therefore, we remand to the trial court for a determination of the hours spent on appeal and a reasonable hourly rate and for the entry of an appropriate attorney's fee award.

Affirmed in part and reversed and remanded in part.

Judges ARNOLD and WELLS concur.