PYA/MONARCH, INC., A CORPORATION, PLAINTIFF v. RAY LACKEY ENTERPRISES, INC., VILLAGE INN PIZZA PARLORS, INC., AND W. RAY LACKEY, INDIVIDUALLY, DEFENDANTS

No. 8926DC10

(Filed 7 November 1989)

**Rules of Civil Procedure § 60.2 (NCI3d) — summary judgment for plaintiff — failure of defendants' attorney to appear at summary judgment hearing — no prejudice to defendants — no meritorious defense shown**

The trial court did not err in refusing to set aside a previous order granting summary judgment for plaintiff where the record clearly supported a basis for granting plaintiff's summary judgment motion; defendants were not prejudiced

by their attorney's failure to appear at the summary judgment hearing; and defendants' mere denial that they were indebted to plaintiff failed to establish a meritorious defense.

**Am Jur 2d, Summary Judgment §§ 16, 24, 25.**

APPEAL by defendants from *Cantrell, Daphene L., Judge*. Judgment entered 7 November 1988 in District Court, MECKLENBURG County. Heard in the Court of Appeals 25 August 1989.

*Harkey, Fletcher, Lambeth and Nystrom, by Francis M. Fletcher, Jr., for plaintiff-appellee.*

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for defendant-appellants.*

JOHNSON, Judge.

This is a civil action in which plaintiff, PYA/Monarch, Inc., a North Carolina corporation dealing in the business of selling food supplies, seeks to recover money allegedly owed on an account by defendants, Ray Lackey Enterprises, Inc., Village Inn Pizza Parlors, Inc., and W. Ray Lackey, individually.

The pertinent facts are as follows: On 23 May 1986, plaintiff filed this action alleging it had sold certain food supplies to defendant, Village Inn Pizza Parlors, Inc. (hereinafter VIPPI), for use at VIPPI's locations in Athens, Georgia and Hopewell, Virginia. Plaintiff further alleged that Ray Lackey Enterprises, Inc. (hereinafter RLE), was liable on the accounts since its president, W. Ray Lackey, had executed an Application for Credit in which he, Lackey, directed that all bills for purchases by the defendant, VIPPI, were to be paid from the defendant, RLE of Statesville, North Carolina. In addition, plaintiff's complaint alleged that W. Ray Lackey, individually, was liable to the extent of $5,000 on the VIPPI account. This allegation was premised upon the fact that prior to the time credit was extended, W. Ray Lackey executed an Unconditional Guaranty of Account for $5,000.

On 6 July 1987 defendants, RLE and W. Ray Lackey, filed a motion for summary judgment pursuant to G.S. sec. 1A-1, Rule 56. Defendants offered the affidavit of W. Ray Lackey to support their motion.

PYA/MONARCH, INC. v. RAY LACKEY ENTERPRISES

[96 N.C. App. 225 (1989)]

On 11 August 1987 plaintiff filed a cross motion for summary judgment against defendants. Such motion was supported by several affidavits from PYA/Monarch representatives. The affidavit of Robert J. Skalicky, Credit Manager for PYA/Monarch, states that defendant, W. Ray Lackey, acknowledged that "the billing (for the Village Inn Pizza Parlor in Athens, Georgia) was to be made by Ray Lackey Enterprises, Inc. pursuant to credit terms previously established by Lackey in both its corporate and individual capacities"; and that "there existed an unpaid balance in excess of $6,000 for supplies sent to the Athens, Georgia store."

Both motions were calendared for hearing on 14 September 1987 before the Honorable L. Stanley Brown, Judge presiding in the General Court of Justice for Mecklenburg County. Neither W. Ray Lackey nor his attorney of record were present.

Following consideration of all documentary evidence submitted by the parties, summary judgment was entered for plaintiff on 16 September 1987. On 23 September 1987 defendants filed a motion to set aside judgment, pursuant to G.S. sec. 1A-1, Rule 60. Defendants' motion was subsequently denied. From an entry of summary judgment for plaintiff and denial of a motion to set aside judgment, defendants appeal.

The issue before this Court is whether the trial court erred in refusing to set aside a previous order granting summary judgment for plaintiff. We find no error.

G.S. sec. 1A-1, Rule 60(b)(1) provides that a party may be relieved of a final judgment by reason of mistake, inadvertence, surprise, or excusable neglect. This Court has previously held that "[f]or a judgment to be set aside, the moving party must show both excusable neglect and a meritorious defense." *Chapparral Supply v. Bell*, 76 N.C. App. 119, 120, 331 S.E.2d 735, 736 (1985). "Excusable neglect is something which must have occurred at or before entry of the judgment, and which caused it to be entered." *Norton v. Sawyer*, 30 N.C. App. 420, 424, 227 S.E.2d 148, 152, *disc. rev. denied*, 291 N.C. 176, 229 S.E.2d 689 (1976). A determination of whether the movant's neglect is excusable is made by examining the relevant facts that gave rise to the neglect. *Chapparral Supply, supra*, at 121, 331 S.E.2d at 737. A meritorious defense by definition is a real or substantial defense on the merits. *Doxol Gas of Angier, Inc. v. Barefoot*, 10 N.C. App. 703, 704, 179 S.E.2d 890, 891 (1971). In determining whether a meritorious defense exists, the trial

court, without hearing the facts, merely determines whether the movant has pled, in good faith, a meritorious defense. *Carolina Bank, Inc. v. Northeastern Ins. Finance Co., Inc.*, 25 N.C. App. 211, 212, 212 S.E.2d 552, 553 (1975).

Defendants assert "excusable neglect" by virtue of the fact that their attorney, Mr. Eisele, failed to attend the summary judgment hearing. We disagree.

After hearing arguments and reviewing the pleadings, the trial court judge found and concluded, as a matter of law, that the record clearly supported a basis for granting plaintiff's summary judgment motion. It was further concluded that: (1) defendants were not prejudiced by Mr. Eisele's failure to appear at the summary judgment hearing; and (2) a justifiable basis for setting aside the summary judgment had not been established.

"Findings of fact by the trial court on a motion to set aside a judgment on the grounds of excusable neglect are final unless excepted to or contentions are made that the evidence does not support the findings of fact." *Chapparral Supply, supra*, at 121, 331 S.E.2d at 737.

Here, defendants' exception to the trial court's refusal to set aside the summary judgment constitutes an exception to the trial court's findings of fact. *Id.* As articulated in *Burwell v. Wilkerson*, 30 N.C. App. 110, 112, 226 S.E.2d 220, 221 (1976), "a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the Court abused its discretion."

The evidence in the case *sub judice* reveals that the defendants retained the legal services of Mr. Eisele prior to the dissolution of his law firm. Following the dissolution of the law firm, however, neither defendants nor Mr. Eisele informed the court of his new address. As a result, the Clerk's Office mailed the 1987 court calendar to Mr. Eisele's record address. The court calendar was never received. Clearly, his failure to monitor the progress of the proceedings and maintain a reasonable level of communication with the court constitutes "inexcusable neglect."

Ordinarily, negligence of an attorney is not imputed to a client. However, "a client may be charged with the inexcusable neglect if the client himself fails to exercise proper care." *City Finance Co. v. Boykin*, 86 N.C. App. 446, 447, 358 S.E.2d 83, 84 (1987).

The established standard of care provides that "[p]arties to suits are expected to give them [law suits] the attention which a person of ordinary prudence gives his important business." *Standard Equipment Co., Inc. v. Albertson*, 35 N.C. App. 144, 146-47, 240 S.E.2d 499, 501 (1978).

> The distinction between the neglect of parties to an action and the neglect of counsel is recognized by our courts, and except in those cases in which there is a neglect or failure of counsel to do those things which properly pertain to clients and not to counsel . . . the client is held to be excusable for the neglect of the attorney to do those things which the duty of his office of attorney requires. *Norton, supra.*

Arguably, defendants acted with ordinary prudence while engaged in transacting important business. Mr. Eisele, not the defendants, had a duty to notify the court of his new mailing address. This omission should not be imputed on the defendants when they are presumed not to know what is necessary, but, merely rely upon their attorney's doing what may be necessary on their behalf. *Id.* at 424-25, 227 S.E.2d at 152. Nevertheless, the trial court considered all of the documentary evidence submitted by the parties and appropriately determined that Mr. Eisele's absence did not cause the summary judgment to be entered against the defendants. Therefore, excusable neglect for purposes of setting aside the final judgment does not exist.

Assuming arguendo, however, that there existed excusable neglect, there must also be a meritorious defense to justify setting aside a final judgment. *Chapparral Supply, supra*, at 120, 331 S.E.2d at 736. A mere denial of indebtedness is not sufficient to constitute a meritorious defense. *Holcombe v. Bowman*, 8 N.C. App. 673, 676, 175 S.E.2d 362, 364 (1970).

In the instant case, defendants aver that they are not indebted to the plaintiff and as such claim to have asserted a meritorious defense. Relying on the aforementioned rule, defendants have failed to establish a meritorious defense. Thus, it would be futile to vacate a judgment if there is no real or substantial defense on the merits. *Norton, supra*, at 425, 227 S.E.2d at 152-53.

Given the forecast of evidence, this Court finds that the trial court did not abuse its discretion in denying the defendants' mo-

tion to set aside the judgment. The judgment of the trial court is therefore

Affirmed.

Judges EAGLES and GREENE concur.