W. O. GREEN v. DEWEY E. LYBRAND

No. 7812DC72

(Filed 5 December 1978)

1. **Landlord and Tenant §§ 18, 20— action to recover possession for nonpayment of rent—claims for money damages—tender of rent and costs**

   The trial court properly found that plaintiff's first claim for relief was to recover possession of demised premises upon a forfeiture for nonpayment of rent and that plaintiff's other claims were for money damages for negligent damage to the leased building, pollution of the premises with trash and debris,

Green v. Lybrand

and negligent failure to repair plaintiff's equipment on the premises. Therefore, the court properly dismissed the claim for repossession for nonpayment where defendant tendered all rent due and all costs incurred by depositing the money with the clerk of court pursuant to G.S. 42-33.

**2. Landlord and Tenant § 18— tender of rent—applicability of statute**

G.S. 42-33 applies not just to summary ejectment actions but to "any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent."

**3. Attorneys at Law § 7.4; Landlord and Tenant § 18— action for possession for nonpayment of rent—no attorney fees under lease**

An action to recover possession of demised premises upon a forfeiture for nonpayment of rent was not an action "for the collection of any monies due" under the lease within the meaning of a lease provision relating to the recovery of attorney fees where rent through October 1976 was accepted by plaintiff, and rent for the months since October was tendered to plaintiff but refused on the ground that the lease was terminated in October; nor was it an action "to enforce the provisions of the Lease" within the meaning of the provision relating to attorney fees where the lease did not provide for termination in the event of default or breach.

APPEAL by plaintiff from *Guy, Judge*. Judgment entered 10 October 1977 in District Court, CUMBERLAND County. Heard in the Court of Appeals 23 October 1978.

Plaintiff brought this action to recover possession of premises leased to defendant, and for damages. He alleged late payment of rent, negligent damage to the building, pollution of the premises, and negligent failure to repair plaintiff's equipment on the premises. Defendant filed a motion in limine for a stay of further proceedings, on the ground that he had tendered all rent due and court costs pursuant to G.S. 42-33. The court made findings of fact, granted defendant's motion, and dismissed the matter without prejudice to plaintiff's right to proceed for damages in a separate action. Defendant was taxed with costs of the action. Plaintiff appeals.

*Seavy A. Carroll for plaintiff appellant.*

*Marland C. Reid for defendant appellee.*

ARNOLD, Judge.

[1]   Plaintiff urges that the proceedings should not have been dismissed because he was not seeking repossession of the

premises solely on the basis of nonpayment of rent. Plaintiff's complaint is set out in essence as follows:

First Claim for Relief: The lease provided that the rent was payable in advance on or before the first day of each month; the rent for the third month was not paid by the seventh of the month; the October rent check was tendered on the 12th of the month; and on 16 October "the plaintiff . . . notified the defendant . . . that the defendant's lease was terminated due to failure of the defendant to pay the rent on or before the first day of the month on a number of occasions."

Second Claim for Relief: That the leased building was damaged due to defendant's negligence and defendant had failed to repair it as the lease required; and "[t]hat the continuation of the use of the building without its being repaired by the defendant is a breach of the terms of the contract by the defendant. . . . The building has been damaged in the amount of $150.00, due to these specific damages."

Third Claim for Relief: That defendant allowed trash to accumulate on the premises, resulting in a reduction in value of the premises; this was "a violation of the spirit and letter of the contract, resulting in damage to the plaintiff."

Fourth Claim for Relief: That defendant used a piece of plaintiff's equipment included in the lease without having it repaired, which resulted in damage to the equipment.

The relief prayed for included: that defendant vacate the premises; that he pay the agreed rent for each month he continues in possession; and that he be required to pay "$3,000 for damages to the bathroom, the wall of the building and the pollution of the premises with trash and debris."

In its order dismissing the action, the trial court found as fact: "That plaintiff's action is brought to recover possession of demised premises upon a forfeiture for the nonpayment of rent under a written lease agreement as alleged in the plaintiff's First Claim for Relief; [and] that the plaintiff's Second, Third and Fourth Claims for Relief are for money damages. . . ." The trial court's findings of fact are conclusive on appeal if supported by any competent evidence. *McMichael v. Borough Motors, Inc.*, 14

N.C. App. 441, 188 S.E. 2d 721 (1972); 1 Strong's N.C. Index 3d, Appeal & Error § 57.2. Here the wording of the complaint clearly supports the court's findings. Moreover, even had it been found that plaintiff was seeking repossession on the basis of the other alleged contract breaches, the plaintiff could not have prevailed. "[A] breach of the conditions of a lease between a landlord and tenant cannot be made the basis of summary ejectment unless the lease itself provides for termination of [sic] such breach or reserves the right of re-entry for such breach." *Morris v. Austraw*, 269 N.C. 218, 222, 152 S.E. 2d 155, 159 (1967).

Having determined that this is an action to repossess for non-payment of rent, we conclude that the matter was properly dismissed. The lease is silent as to forfeiture for nonpayment of rent, and generally "[i]n the absence of a stipulation for a forfeiture, a lessee does not forfeit his term by the nonpayment of rent. . . ." 49 Am. Jur. 2d, Landlord and Tenant § 1020. This rule is changed by G.S. 42-3, which provides that where the parties have failed to write the forfeiture into their lease, "there shall be an implied forfeiture of the term upon failure to pay the rent within 10 days after a demand is made. . . ." However, in the situation before us G.S. 42-3 must be read in conjunction with G.S. 42-33. *Ryan v. Reynolds*, 190 N.C. 563, 130 S.E. 156 (1925). G.S. 42-33 provides that if "in any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent, the tenant, before judgment . . . , pays or tenders the rent due and the costs of the action, all further proceedings in such action shall cease." Here, the court found that the defendant tendered all rent due and all costs incurred by depositing the money with the Clerk of Court, and, according to G.S. 42-33, the action was properly dismissed. See *Hoover v. Crotts*, 232 N.C. 617, 61 S.E. 2d 705 (1950); *Coleman v. Carolina Theatres, Inc.*, 195 N.C. 607, 143 S.E. 7 (1928).

[2]  We disagree with plaintiff's contention that G.S. 42-33 is in-applicable simply because it is included in the statutes under the general heading of summary ejectment. The wording of the statute makes clear that it applies not just to summary ejectment actions, but to "any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent." And this was the conclusion of our Supreme Court in *Seligson v. Klyman*, 227 N.C. 347, 42 S.E. 2d 220 (1947).

[3]   The plaintiff also argues that the court should have awarded attorney's fees to him as the "prevailing party" pursuant to the lease agreement. The lease provides that "in the event it shall become necessary for either party to enforce the provisions of this Lease by legal action or employ attorneys for the collection of any monies due herein, then the prevailing party shall be entitled to recover its reasonable attorney's fees. . . ." We consider only whether the "First Claim for Relief" falls within this provision, since it is the only claim which has been finally adjudicated.

It appears from the complaint that rent through October 1976 was accepted by the plaintiff, and from the reply that rent for the months since October has been tendered to plaintiff but refused, on the ground that the lease was terminated in October. Clearly this claim is not an action "for the collection of any monies due" under the lease. Neither is it an action "to enforce the provisions of the Lease," since the lease does not provide for termination in the event of default or breach. We find that the plaintiff is not entitled by the lease agreement to collect attorney's fees.

We note that the trial court ordered that "all further proceedings" be stayed and the matter dismissed, without prejudice to the plaintiff's right to proceed in a separate action on the second, third and fourth claims for relief. We see no need to dismiss the entire action and require plaintiff to begin again in a separate proceeding. Accordingly, the order of the trial court is hereby modified to dismiss only the first claim for relief.

Modified and affirmed.

Judges MORRIS and ERWIN concur.