EDMOND S. MENACHE AND WIFE, SUZANNE MENACHE v. ATLANTIC COAST MANAGEMENT CORPORATION, INC.

No. 7915DC98

(Filed 20 November 1979)

1. **Rules of Civil Procedure § 60— relief from judgment—excusable neglect**
    Evidence was sufficient to support the trial court's conclusion that defendant's failure to defend a summary ejectment action constituted excusable neglect where such evidence tended to show that plaintiffs failed to advise defendant that the leased property had been transferred to them and defendant did not receive notice of the name and address of the person to whom rent should be sent until 11 July; the notice given defendant on 11 July claimed that rent was due for June and July; plaintiffs had accepted the July payment; and although the complaint stated that the rent was due for July, the affidavit of defendant's secretary indicated that only June rent was actually due.

2. **Landlord and Tenant § 18— relief from judgment—meritorious defense**
    The trial court in a summary ejectment action did not err in determining that defendant had a possible meritorious defense and in vacating the magistrate's order where defendant contended that as a result of tendering the amounts of rent due to the court and to plaintiffs in accordance with G.S. 42-33, all proceedings ceased.

APPEAL by plaintiffs from *Peele, Judge.* Order entered 15 September 1978 in District Court, ORANGE County. Heard in the Court of Appeals 27 September 1979.

Plaintiffs filed a complaint in summary ejectment on 11 August 1978 alleging: that defendant was the tenant of plaintiffs; that defendant had failed to make rental payments and was in default; that plaintiffs had given defendant notice of default on 11 July 1978; and that plaintiffs were entitled to possession of the property under lease. Summons was served on 12 August 1978, and judgment was entered against defendant for possession of the

property and for one-month's rent on 17 August 1978. Execution was issued on 29 August 1978, and on 31 August 1978, defendant moved pursuant to G.S. 1A-1, Rule 60(b), of the Rules of Civil Procedure for relief from judgment in the District Court.

Juanita Poe, secretary of defendant, filed a supporting affidavit, stating that the original lessor had transferred his interest to plaintiff without making clear the new lessor's identity or location, that defenant did not pay its June rent, because it was not sure where to send the payment. Later, after contact by plaintiffs, the June rent was paid. Ms. Poe further stated that she went to the Orange County Courthouse the day after the summons was served and attempted to pay the clerk of court. The clerk refused the payment, but advised her to give the payment to plaintiffs or to their attorney. Ms. Poe left an envelope containing the checks under the locked door of plaintiffs' attorney, and defendant's officers believed the payments would stop the ejectment action. Defendant did not know that a hearing was held or that further proceedings would take place until 18 August, when the checks were returned through the mail. Defendant attempted to deliver the checks to plaintiffs personally and through the mail, but the payments were refused.

Judge Peele made findings of fact incorporating Ms. Poe's statement and adding: that defendant had not sought to retain counsel from 11 August to 29 August; that defendant did not contact the clerk of court or plaintiffs' attorney between 17 August and 29 August to determine the status of the case; that neither plaintiffs' attorney nor court officials delivered a copy of the judgment to defendant; that the lease required that defendant be given the name and address of the person to whom payments were to be sent; and that defendant did not receive such notice until 11 July. The court further found that the notice given defendant on 11 July claimed that rent was due for June and July; that plaintiffs had accepted the July payment; and that although the complaint stated that the rent was due for July, the affidavit of Ms. Poe indicated that only June rent was actually due. The court concluded that defendant had shown excusable neglect and meritorious defenses and vacated the magistrate's order. Plaintiffs appealed.

*John S. Curry, and Epting, Hackney & Long, by Robert Epting, for plaintiff appellants.*

*Powe, Porter, Alphin & Whichard, by Charles R. Holton, for defendant appellee.*

ERWIN, Judge.

The district court is the proper forum to hear and decide a motion made pursuant to G.S. 1A-1, Rule 60(b), of the Rules of Civil Procedure for relief from judgment or order entered in the magistrate's court. A new trial is not permitted before the magistrate. G.S. 7A-228.

[1] Plaintiffs contend that the trial court committed error in concluding as a matter of law:

> "1) the failure of Atlantic Coast Management Corporation and its officers to defend the summary ejectment action constituted excusable neglect pursuant to Rule 60 of the North Carolina Rules of Civil Procedure where Atlantic Coast Management Corporation, Inc., although served with Summons, failed to appear before the Magistrate's Court or to obtain counsel until after judgment was entered and execution was served upon it?
>
> 2) Atlantic Coast Management Corporation had demonstrated the existence of possible meritorious defenses to this action?"

We do not find error and affirm the judgment entered.

G.S. 1A-1, Rule 60(b) grants relief to a party from a final judgment by reason of mistake, inadvertence, surprise, or excusable neglect. For a judgment to be set aside, the moving party must show both excusable neglect and a meritorious defense. *Norton v. Sawyer,* 30 N.C. App. 420, 227 S.E. 2d 148, *dis. rev. denied,* 291 N.C. 176, 229 S.E. 2d 689 (1976).

The trial court found *inter alia:*

> "7. That on or about August 16, 1978, Juanita Poe, acting on behalf of the Defendant, went to the Office of the Clerk of Superior Court of Orange County with the intention

of there paying the past due rent. She was told by a Deputy Clerk then on duty, that the Office of the Clerk could not accept rent and that she (Mrs. Poe) should contact the Plaintiffs or their attorney.

8. That in the late afternoon of August 16, 1978, Mrs. Poe left under the locked front door of the office of John S. Curry, Attorney for Plaintiffs, an envelope containing two checks, each in the amount of $375.00 which checks were intended to pay the rent in question.

9. On the evening of August 16, 1978, John Curry discovered the envelope but did not open it. By virtue of the writing on the envelope, Mr. Curry presumed Mrs. Poe had attempted to tender the past due rents to him.

\* \* \*

11. On August 18, 1978, Mrs. Poe received in the U.S. Mail, the envelope which she had left at Mr. Curry's office, unopened, as well as a letter from Mr. Curry stating that the envelope had been refused and that the Plaintiffs expected the Defendant to vacate the premises.

12. Neither Mrs. Poe nor any other officer or agent of the Defendant corporation consulted with, sought or retained counsel to represent the Defendant with regard to this action from August 11, 1978, until August 29, 1978, at which time execution was served.

13. Neither Mrs. Poe nor any officer or agent of the Defendant contacted the Office of the Clerk of Superior Court between August 17, 1978 and August 29, 1978, to determine whether or not the subject case had been heard. Nor did Mrs. Poe or any officer or agent of the Defendant contact Mr. Curry to inquire as to the status of the case, and thus none of the officers or agents of the corporation had any knowledge of the entry of judgment.

14. As they had no duty to do so, neither Mr. Curry nor any court official mailed or delivered a copy of the judgment to the Defendant or its officers.

15. No Entry of Appeal was made on behalf of the Defendant.

16. The notice given to the Defendant on behalf of the Plaintiffs on July 11, 1978, as shown in the Defendant's Exhibit 1, stated that rent for June and July was due. On or about July 13, 1978, Plaintiffs accepted a check from Juanita Poe in the amount of $375.00 marked 'July rent'. The complaint alleged a failure to pay rent for July, but the testimony given by Juanita Poe indicates only the June rent was due as of the date of the complaint.

17. The subject lease stated that the lessors were to advise the tenants of the name and address of the person to whom rentals were to be sent. The first such notification was received by the Defendant July 11, 1978 which was after the Plaintiffs assumed the lease."

Findings of fact by the judge on a motion to set aside a judgement on the grounds of excusable neglect are final unless excepted to or contentions are made that the evidence does not support the findings of fact. *Ellison v. White*, 3 N.C. App. 235, 164 S.E. 2d 511 (1968). In the case *sub judice*, there are no exceptions to the above findings of fact nor is there a contention that the evidence does not support the findings of fact. We hold that the findings of fact by the trial court showed excusable neglect. The record reveals that defendant took enough affirmative acts prior to judgment to do what it felt was sufficient to protect its rights.

[2] "The conclusions of law made by the judge upon the facts found by him are reviewable on appeal." *Moore v. Deal*, 239 N.C. 224, 228, 79 S.E. 2d 507, 510 (1954). Plaintiffs contend that there are no findings of fact which support the conclusion that defendant demonstrated the existence of possible meritorious defenses. The court found facts *inter alia:*

"1. The Defendant owns and operates a business known as The Sidetrack Bar located at 154 East Main Street, Carrboro, North Carolina, and it occupies the premises pursuant to a lease attached to the Complaint in this matter which lease was validly assigned to the Plaintiffs on or about the *18th* day of May, 1978.

2. As shown in Defendant's Exhibit No. 1, the Plaintiffs, on July 11, 1978 delivered notice to the Defendant that rents for June and July were in arrears. On or about July 13, 1978,

Plaintiffs accepted a check from Juanita Poe in the amount of $375.00, marked 'July rent'.

3. Paragraph VII of the lease agreement states that should the Defendant remain in default of the lease for 30 days following notice from the Plaintiffs of default, the Plaintiffs may thereupon 'enter upon the premises and expell [sic] the lessee (Defendant) therefrom, without prejudice to any other remedy which the lessor, his executors, administrators or assigns may have on account of such default'."

Defendant contends that as a result of tendering the amounts of rent due to the court and to plaintiffs in accordance with G.S. 42-33, all proceedings ceased, and this is a defense to plaintiffs' action. Plaintiffs respond that the tender shall not abate an action where the lease provides that the landlord shall have the option to declare the lease void upon the failure of the tenant to pay rent when due, and the landlord has exercised the option. In this case, the lease provides the landlord with essentially the same option under the right to re-enter clause.

This Court stated in *Green v. Lybrand*, 39 N.C. App. 56, 59, 249 S.E. 2d 443, 445 (1978):

"We disagree with plaintiff's contention that G.S. 42-33 is inapplicable simply because it is included in the statutes under the general heading of summary ejectment. The wording of the statute makes clear that it applies not just to summary ejectment actions, but to 'any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent.' And this was the conclusion of our Supreme Court in *Seligson v. Klyman*, 227 N.C. 347, 42 S.E. 2d 220 (1947)."

Whether G.S. 42-33 applies in our opinion is a defense to be determined at the hearing on this matter on the merits.

Plaintiffs accepted the rent check designated "July Rent" two days after giving written notice of default on 11 July. The complaint in summary ejectment specified that the July rent was due. The trial court on remand must determine whether the landlord has waived any prior breach of the lease by acceptance of the rental check after sending notice of a breach.

.

We hold that the record before us is sufficient to support the conclusions of law entered by the court that defendant has possible meritorious defenses.

Judgment affirmed.

Judges VAUGHN and HILL concur.