## STEPHENS v. JOHN KOENIG, INC.

[119 N.C. App. 323 (1995)]

DEBORAH STEPHENS, Plaintiff-Appellee v. JOHN KOENIG, INC., Defendant-Appellant

No. COA94-1055

(Filed 20 June 1995)

**Appeal and Error § 56 (NCI4th)— relief from magistrate's order—no jurisdiction of district court—no jurisdiction of court on appeal**

The district court had no jurisdiction to hear and decide defendant's Rule 60(b) motion for relief from a magistrate's order entered in small claims court, since an aggrieved party in small claims court may seek relief by filing a Rule 60(b) motion with a magistrate or by appealing for trial *de novo* before the district court. Since the district court did not have jurisdiction to hear and decide defendant's motion, the Court of Appeals had no jurisdiction to decide defendant's appeal. N.C.G.S. § 7A-228.

**Am Jur 2d, Appellate Review § 77.**

**Small claims: jury trial rights in, and on appeal from, small claims court proceeding. 70 ALR4th 1119.**

Appeal by defendant from order entered 13 June 1994 by Judge Sol G. Cherry in Cumberland County District Court. Heard in the Court of Appeals 8 May 1995.

On 25 January 1994, plaintiff filed a complaint in small claims court seeking $1,800.00 in damages from defendant for breach of warranty and misrepresentation. On 17 March 1994, a magistrate entered judgment for plaintiff. On 20 April 1994, defendant filed in the district court a motion for relief from judgment pursuant to G.S. 1A-1, Rule 60(b)(4) and (6) on the grounds that the judgment was void and that justice required that relief from the judgment be granted. On 13 June 1994, Chief District Court Judge Sol G. Cherry entered an order denying the motion. Defendant appeals.

*Benjamin E. LeFever for plaintiff-appellee.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins and Rodney B. Davis, for defendant-appellant.*

EAGLES, Judge.

Defendant contends that the district court erred in denying defendant's motion for relief from judgment pursuant to Rule 60(b) of

the North Carolina Rules of Civil Procedure. We dismiss defendant's appeal for lack of jurisdiction.

"Jurisdiction cannot be conferred by consent where it does not otherwise exist, and the jurisdiction of the Court of Appeals is derivative; therefore, if the court from which the appeal is taken had no jurisdiction, the Court of Appeals cannot acquire jurisdiction by appeal." *Wiggins v. Insurance Co.*, 3 N.C. App. 476, 478, 165 S.E.2d 54, 56 (1969) (citation omitted). Because the district court did not have jurisdiction to hear and decide defendant's motion made pursuant to G.S. 1A-1, Rule 60(b), this Court has no jurisdiction to decide defendant's appeal.

G.S. 7A-228 addresses the procedures for seeking relief from a magistrate's judgment as follows:

(a) With the consent of the chief district court judge, a magistrate may set aside an order or judgment for mistake or excusable neglect pursuant to G.S. 1A-1, Rule 60(b)(1) and order a new trial before a magistrate. After final disposition before the magistrate, the sole remedy for an aggrieved party is appeal for trial de novo before a district court judge or a jury.

In *Menache v. Management Corp.*, 43 N.C. App. 733, 260 S.E.2d 100 (1979), *disc. review denied*, 299 N.C. 331, 265 S.E.2d 396 (1980), this Court addressed the district court's role in reviewing judgments of magistrates:

The district court is the proper forum to hear and decide a motion made pursuant to G.S. 1A-1, Rule 60(b), of the Rules of Civil Procedure for relief from judgment or order entered in the magistrate's court. A new trial is not permitted before the magistrate.

*Id.* at 735, 260 S.E.2d at 102. At the time of our decision in *Menache*, G.S. 7A-228 did not provide for Rule 60(b) motions before a magistrate. G.S. 7A-228 at that time provided: "No new trial is allowed before the magistrate. The sole remedy for a party aggrieved is by appeal for trial de novo before a district judge."

It is presumed that by amending a statute the General Assembly either intended to change the substance of the original act or clarify the meaning of it. *Desk Co. v. Clayton, Comr. of Revenue*, 8 N.C. App.

STEPHENS v. JOHN KOENIG, INC.

[119 N.C. App. 323 (1995)]

452, 458, 174 S.E.2d 619, 623 (1970). Furthermore, "[w]here the legislature has specifically designated certain statutory procedures, it has by implication excluded other procedures." *Laurel Park Villas Homeowners Assoc. v. Hodges*, 82 N.C. App. 141, 143, 345 S.E.2d 464, 465 (1986); *see also Campbell v. Church*, 298 N.C. 476, 259 S.E.2d 558 (1979).

Since our decision in *Menache*, the General Assembly has amended the statute in question to provide that an aggrieved party in small claims court may seek relief by filing a motion pursuant to G.S. 1A-1, Rule 60(b)(1) with a magistrate. The magistrate may then set aside its order or judgment with the consent of the chief district court judge. The statute did not previously address Rule 60(b) motions, and it does not now provide for the filing of Rule 60(b) motions before the district court. In *Menache*, we stated that the district court was the proper forum to hear and decide Rule 60(b) motions for relief from judgment in magistrate's court. *Menache*, 43 N.C. App. 733, 735, 260 S.E.2d 100, 102 (1979). The General Assembly, however, by amending the statute, has designated a specific procedure for setting aside a magistrate's judgment pursuant to Rule 60(b) motions. These motions must now be filed in magistrate's court. An aggrieved party's only other option for relief is an appeal for trial de novo before the district court. G.S. 7A-228. Because the General Assembly has designated specific procedures for an aggrieved party to seek relief from a magistrate's judgment, it has by implication excluded other procedures including the filing of Rule 60(b) motions before the district court. Therefore, the district court had no jurisdiction to hear and decide defendant's Rule 60(b) motion. Accordingly, this Court also has no jurisdiction to decide the merits of defendant's appeal. Defendant's appeal must be dismissed.

Dismissed.

Judges JOHN and McGEE concur.