DAVID ELEEN and ROBERTA L. ELEEN, Plaintiffs-Appellees,
v.
HENRY HEIL d/b/a/ H.A.R.D. TOP ASPHALT MAINTENANCE COMPANY a/k/a H.A.R.D. TOP ASPHALT MAINTENANCE, L.L.C. OF THE CAROLINAS, Defendant-Appellant.
No. COA08-861
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Robert W. Detwiler for Plaintiffs-Appellees.
Dillow, McEachern & Associates, P.A., by Mary Margaret McEachern; and Kerner & Betts, PLLC, by Thomas W. Kerner, for Defendant-Appellant.
McGEE, Judge.
Henry Heil (Defendant) is engaged in the asphalt paving and maintenance business. David Eleen and Roberta L. Eleen (collectively Plaintiffs) hired Defendant on 5 May 2005 to grade and pave a driveway at their home in Hubert, North Carolina for a fee of $6,000.00. After Defendant completed the paving work for Plaintiffs, the parties had a dispute regarding warranty issues and the quality of the paving.
David Eleen filed a complaint against Defendant in small claims court in Pender County on 13 May 2005, asserting a claim for breach of warranty. The small claims court found that David Eleen "[did] not prove[] the case by the greater weight of evidence[,]" and dismissed the action with prejudice on 8 June 2005. David Eleen filed notice of appeal for a trial de novo in District Court in Pender County on 17 June 2005, pursuant to N.C. Gen. Stat. § 7A-228. David Eleen filed a notice of voluntary dismissal without prejudice of his complaint on 15 August 2005.
Plaintiffs filed the current action in Superior Court in Onslow County (the trial court) on 17 August 2005, asserting claims for breach of warranty, fraud, and unfair and deceptive trade practices. Plaintiffs sought damages in excess of $10,000.00, treble damages, punitive damages, and attorney's fees. Defendant filed an answer on 25 October 2005. Defendant filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on 22 February 2008. The trial court denied Defendant's motion in an order entered 12 March 2008. Plaintiffs' case was tried before a jury that determined Plaintiffs were entitled to recover $9,500.00 from Defendant, and judgment for Plaintiffs was entered 7 April 2008. Defendant appeals.

I.
Defendant first assigns as error that the trial court "lacked subject matter jurisdiction over this case because the district court (not the superior court) retains exclusive jurisdiction over small claims appeals." Defendant cites N.C. Gen. Stat. § 7A-228(a) in arguing that the sole remedy for appealing a small claims action is a trial de novo before a district court judge or jury. Defendant argues that while David Eleen did appeal from small claims court to the District Court in Pender County, he subsequently dismissed his appeal "in an apparent attempt to circumvent the strictures of [N.C. Gen. Stat.] § 7A-228 and refiled the case in Onslow County Superior Court."
N.C. Gen. Stat. § 7A-228(a) (2007) does provide that "[a]fter final disposition before the magistrate, the sole remedy for an aggrieved party is appeal for trial de novo before a district court judge or a jury." However, N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) also provides in pertinent part that
an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, . . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal[.]
N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(2007) (emphasis added).
In First Union National Bank v. Richards, 90 N.C. App. 650, 369 S.E.2d 620 (1988), the plaintiff filed a complaint against the defendants in small claims court. The magistrate dismissed the plaintiff's claim with prejudice. The plaintiff gave notice of appeal to district court, but then took a voluntary dismissal without prejudice. Id. at 651, 369 S.E.2d at 620. The plaintiff later filed an action in district court within the one-year statutory period. Id. On appeal to this Court, we held that "[w]hen the plaintiff gave notice of appeal for trial de novo in district court, it was as if the case had been brought there originally." Id. at 653, 369 S.E.2d at 622; see State v. Sparrow, 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970) (holding that "[w]hen an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose."). We further held in First Union National Bank that "[t]here was no final judgment in the first action, so the doctrine of res judicata [did] not apply. [The] [d]efendants' contention that the magistrate's judgment became a final judgment when [the] plaintiff took a voluntary dismissal of the first action [was] without merit." Id. at 653, 369 S.E.2d at 621. After filing a voluntary dismissal without prejudice in the first action, pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1), the plaintiff was permitted to initiate the second action in district court. First Union National Bank, 90 N.C. App. at 653, 369 S.E.2d at 622.
Our Court further held in First Union National Bank that:
The requirements of G.S. 7A-228 are not inconsistent with those of Rule 41(a)(1). G.S. 7A-228 sets forth the right to appeal for trial de novo in district court and the procedures to perfect the appeal. Rule 41(a)(1) sets forth the right to a voluntary dismissal and the procedures to effect the dismissal. G.S. 7A-228 does not address the same phase of the action as Rule 41(a)(1); the rule is therefore not "subject to" the provisions of the statute. [The] [p]laintiff was entitled to dismiss the district court action "by filing a notice of dismissal at any time before the plaintiff rest[ed] [its] case." Rule 41(a)(1)(i). The rule applies "in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." G.S. 1A-1, Rule 1. [The] [p]laintiff is not deprived of its right to voluntary dismissal simply because the action was originally before the magistrate, an officer of the district court pursuant to G.S. 7A-170.
Id. at 654, 369 S.E.2d at 622 (emphasis added).
Defendant next contends that our Court's decision in Stephens v. John Koenig, Inc., 119 N.C. App. 323, 458 S.E.2d 233 (1995) stands for the proposition that "the General Assembly has considered which courts have jurisdiction to hear appeals or other forms of relief from small claims [court], and has chosen to expressly limit an aggrieved party to seeking either a Rule 60(b) motion or a trial de novo in district court[.]" Defendant also argues that "by implication, all other procedures  including filing an appeal or new action in superior court  have been excluded." We disagree.
In Stephens, the plaintiff filed a complaint in small claims court, and the magistrate entered judgment for the plaintiff. Stephens, 119 N.C. App. at 323, 458 S.E.2d at 233-34. The defendant filed a Rule 60(b) motion for relief from judgment in district court. Id. The district court denied the defendant's motion. Id., 458 S.E.2d at 234. At the time of the Stephens decision, N.C. Gen. Stat. § 1A-1, Rule 60(b) provided "that an aggrieved party in small claims court may seek relief [from judgment] by filing a motion pursuant to G.S. 1A-1, Rule 60(b)(1) with a magistrate." Id. at 325, 458 S.E.2d at 234 (emphasis added). On appeal, our Court stated:
Because the General Assembly has designated specific procedures for an aggrieved party to seek relief from a magistrate's judgment, it has by implication excluded other procedures including the filing of Rule 60(b) motions before the district court. Therefore, the district court had no jurisdiction to hear and decide [the] defendant's Rule 60(b) motion.
Id., 458 at 235 (emphasis added).
Defendant contends that because we held in Stephens that the defendant could not bring a Rule 60(b) motion in district court when the statute did not provide for such relief, Plaintiffs could not bring their current action in superior court since N.C. Gen. Stat. § 7A-228 only expressly provides for a trial de novo in district court, not superior court. Defendant's reliance on Stephens is misplaced, however.
A Rule 60(b) motion was not filed in the present case in either small claims court or district court. Rather, David Eleen appealed the small claims judgment to District Court in Pender County for a trial de novo, pursuant to N.C. Gen. Stat. § 7A-228. He voluntarily dismissed that action without prejudice. David Eleen was not deprived of his right to a voluntary dismissal in district court simply because his claim was originally filed in small claims court. When he filed his voluntary dismissal in District Court in Pender County, it was as if there had been no previous trial in the matter and his action had been brought in district court originally. See First Union National Bank, 90 N.C. App. at 653, 369 S.E.2d at 621-22 (quoting Sparrow, 276 N.C. at 507, 173 S.E.2d at 902). Plaintiffs were then permitted to file their complaint in Superior Court in Onslow County within one year of David Eleen's voluntary dismissal, as provided for in N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). Defendant's assignment of error number one is overruled.

II.
Defendant argues in assignments of error numbers three and four, that the trial court lacked subject matter jurisdiction over this case because Plaintiffs' claims were barred by the doctrines of res judicata and collateral estoppel. We disagree.
"Under the doctrine of res judicata, or claim preclusion, `a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them.'" State ex rel. Tucker v. Frinzi, 344 N.C. 411, 413, 474 S.E.2d 127, 128 (1996) (quoting Thomas M. McInnis & Assoc., Inc. v. Hall, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)). In order for res judicata to apply,
a party must "show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both [the party asserting res judicata and the party against whom res judicata is asserted] were either parties or stand in privity with parties."
Id. at 413-14, 474 S.E.2d at 128 (quoting Thomas M. McInnis & Assoc., 318 N.C. at 429, 349 S.E.2d at 557).
In First Union National Bank, 90 N.C. App. at 653, 369 S.E.2d at 621, our Court held that there "was no final judgment in the first action [in small claims court], so the doctrine of res judicata [did] not apply" in the second action filed in district court. Accordingly, in the present case, the initial suit in small claims court did not result in a final judgment on the merits. Thus, Plaintiffs' claims are not barred by the doctrine of res judicata.
In State v. Summers, our Supreme Court held that the doctrine of collateral estoppel precluded the relitigation of a fact, question, or right in issue and that
"`when there has been a final judgment or decree, necessarily determining [the] fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit.'"
Summers, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000) (quoting King v. Grindstaff, 284 N.C. 348, 355, 200 S.E.2d 799, 805 (1973)). As we determined above, there was not a final judgment on the merits in the previous action filed by David Eleen in District Court in Pender County, and thus the doctrine of collateral estoppel does not apply. Defendant's assignments of error numbers three and four are overruled.
Defendant did not argue his remaining assignment of error, and it is deemed abandoned. N.C.R. App. P. Rule 28(b)(6).
No error.
Judges BRYANT and GEER concur.
Report per Rule 30(e).