79 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONCEPT DESIGN ELECTRONICS AND MANUFACTURING, INC., Plaintiff-Appellee,
v.
DUPLITRONICS, INC., Defendant-Appellant.
 No. 95-1401.
 United States Court of Appeals, Federal Circuit.
 March 8, 1996.
 
 Before MAYER, MICHEL and SCHALL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Duplitronics, Inc. ("Duplitronics") appeals an award of $78,703.07 in attorney fees made by the United States District Court for the Western District of North Carolina, Nos. C-C-90-368-P and C-C-91-169-P, to Concept Design Electronics and Manufacturing, Inc. ("Concept Design") for defending the merits in a prior appeal to this court. Duplitronics also appeals the award of prejudgment interest on the compensatory damages awarded at trial. The appeal was submitted for decision after oral argument on February 7, 1996. Because the district court did not abuse its discretion in making either award, we affirm.
 
 DISCUSSION
 
 2
 This court reviews an award of attorney fees under an abuse of discretion standard. Bayer Aktiengesellschaft v. Duphar Int'l Research B.V., 738 F.2d 1237, 1242, 222 USPQ 649, 652 (Fed.Cir.1984). "A district court would," of course, "necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 I. Appellate Attorney Fees
 
 3
 As to attorney fees on appeal, Duplitronics first argues that, under Federal Circuit Rule 47.7, the Federal Circuit has exclusive jurisdiction. Therefore, according to Duplitronics, it was improper for the district court to award appellate attorney fees under the North Carolina statute, N.C.G.S. § 75-16.1. But this court has determined under the predecessor rule to Rule 47.7, Rule 20(a)(1), that "attorney fees for appellate work is not the exclusive domain of an appellate court." PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc., 840 F.2d 1565, 1569 (Fed.Cir.1988). Furthermore, the Court of Appeals of North Carolina has held that appellate attorney fees may be awarded by a trial court under N.C.G.S. § 75-16.1. See City Finance Co. of Goldsboro, Inc. v. Boykin, 358 S.E.2d 83, 85 (N.C.Ct.App.1987). Nor does this court have the power to grant itself jurisdiction, let alone exclusive jurisdiction, concerning appellate attorney fees by instituting a local rule. Rule 47.7, in any event, merely defines procedures for requesting attorney fees from this court; it does not, and cannot, confer upon the Federal Circuit the exclusive jurisdiction to award such fees or restrict district court authority under federal or state law.
 
 
 4
 Second, Duplitronics contends that Concept Design should, at best, be awarded only a portion of the appellate attorney fees because the patent portion of the trial on the merits was not deemed exceptional. Thus, Duplitronics argues, Concept Design should be awarded only fees specifically allocable for defending, on appeal, the North Carolina unfair competition judgment, and not those for defending the patent infringement judgment. Duplitronics relies on the Supreme Court decision in Hensley v. Eckerhart, which held, on the facts there, that the hours spent on an unsuccessful claim should be excluded in determining the amount of a reasonable attorney fee award. 461 U.S. 424 (1983). However, the Court further reasoned that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. at 440. Concept Design successfully defended all issues raised on appeal. In any event, the issue here is the appeal, not the trial, and the fees on appeal. The Hensley argument, concerning only attorney fees at trial, is thus irrelevant here. Moreover, the United States District Court for the Western District of North Carolina specifically addressed this argument in the factually similar case of Mirafi v. Murphy, holding that where the "legal issues relating to [patent infringement] claims in this action are so closely intertwined with those relating to defendants' [unfair competition] counterclaims that it would be neither possible nor appropriate to segregate the legal services relating to each." 14 USPQ2d 1337, 1351-52 (W.D.N.C.1989). According to the district court's order of October 31, 1994, as in Mirafi, in this case "such segregation is not possible." We discern no clear error in this finding. For the foregoing reasons, the district court did not abuse its discretion in awarding $78,703.07 in attorney fees for defending the merits on appeal to this court.
 
 II. Prejudgment Interest
 
 5
 Duplitronics challenges the district court's award of prejudgment interest, arguing that the original judgment did not include such interest and that according to Osterneck v. Ernst & Whinney, 489 U.S. 169, 176 (1989), any change in the judgment to include prejudgment interest must be made upon a timely motion under Federal Rule of Civil Procedure 59(e). In Osterneck, the Supreme Court held that a postjudgment motion for discretionary prejudgment interest, in a federal securities action, should be treated as a motion under Rule 59(e), and that Rule 4(a)(4) thus renders a notice of appeal filed after the motion but before its determination ineffective. Id. In a footnote, the Court suggested, in dicta, that the result should not be different where prejudgment interest is available as a matter of right. Id. at 176 n. 3. The Court in Osterneck did not, however, purport to alter the effect of a state statute which provides for prejudgment interest as a matter of right without the need for any motion. The North Carolina statute concerning interest on judgments provides: "[i]n an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied." N.C.G.S. § 24.5. Under North Carolina law, prejudgment interest for compensatory damages in a case such as this is, therefore, non-discretionary and no motion is required to receive it. Thus, the district court did not err in awarding such interest, even in the absence of a timely motion under Rule 59(e).